Brassard, J.
This matter comes before the court on defendant’s, Hanover Insurance Company (Hanover), Motion to Vacate Arbitrator’s Award and plaintiffs, John Laderoute (Laderoute), Motion to Confirm Arbitrator’s Award. For the following reasons the court orders that the Motions to Vacate and Confirm will be deferred to allow the Arbitrator an opportunity to make further findings.
BACKGROUND
On August 23, 1995, this court ordered Hanover and Laderoute to participate in arbitration to settle a dispute arising from an automobile accident which occurred on July 23, 1989 in Lowell, Massachusetts. At the time of the accident Laderoute was insured by Hanover. Hanover admits that Laderoute did not the cause the accident and that the vehicle which negligently caused the accident was uninsured. '
The Superior Court’s order required the arbitrator to file his findings within thirty days of the hearing, or his “appointment [would] be vacated.” The arbitration occurred on August 23, 1995, and the arbitrator issued an award of $15,000 on October 4, 1995. No specific findings of fact were filed.
DISCUSSION
Defendant asserts two grounds for his motion. In the first he argues that the award was not issued within thirty days of arbitration. Therefore, he argues, the award should be vacated in accordance with the provision of the Superior Court order which stated “appointment will be vacated.”
The purpose of the section of the General Laws governing arbitration is to provide speedy resolution of dispute, by a method which is not subject to delay and obstruction in the courts. Lawrence v. Falzarano, 380 Mass. 18, 28 (1980) (quotes omitted). Here, the arbitrator did issue a decision within a reasonable time period, if not exactly within thirty days. To vacate the arbitrator’s award and grant a new hearing before a new arbitrator would completely frustrate the purpose of arbitration.
Second, Laderoute argues that the arbitrator’s award, as received, is deficient in that it fails to recite any findings as to whether Hanover was entitled to a set-off of Personal Injury Protection (PIP) benefits. General Laws c. 251, § 12(a) provides only five grounds for vacating an arbitration award:
1) The award was produced by corruption, fraud or other undue means;
2) There was evident partiality by an arbitrator appointed as a neutral, or corruption in any of the arbitrators, or misconduct prejudicing the right of any party;
3) The arbitrator exceeded his powers;
4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefore or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section five as to prejudice substantially the rights of a part; or
5) There was no arbitration agreement and the issue was not adversely determined in proceedings under section two and the party did not participate in the arbitration hearing without raising the objection.
*270 In the case at bar the defendant has offered none of the above reasons which would require the court to vacate the award. However, the court does agree that this matter may be resolved if the arbitrator makes further findings to clarify the basis of his award.
ORDER
For the following reasons, it is hereby ORDERED that the Motions to Vacate and Confirm the arbitrator’s award shall be deferred in order to allow the arbitrator to make further findings which would clarify the basis of his award.